Jerry L. Steering [State Bar No. 122509]
Brenton Aitken Hands [State Bar No. 308601]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com
brentonaitken@gmail.com

Attorneys for plaintiff Bernardo Villanueva

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO  LUQUE-VILLANUEVA )<br><br>      Plaintiff,<br><br>      vs.<br><br>COUNTY OF SAN DIEGO, JAMES<br>STEINMEYER and DOES 1 through 10,<br>inclusive,<br><br>      Defendants. | Case No.  **'16 CV 2945 JAH  NLS**<br>)<br>) COMPLAINT FOR DAMAGES FOR<br>) VIOLATION OF FEDERAL<br>) CONSTITUTIONAL RIGHTS UNDER<br>) COLOR OF STATE LAW<br>) [42 U.S.C. § 1983]; FEDERAL<br>) CONSTITUTIONAL CLAIMS FOR:<br>) VIOLATION OF FOURTH<br>) AMENDMENT RIGHTS FOR<br>) UNREASONABLE SEIZURE OF<br>) PERSON; VIOLATION OF FOURTH<br>) AMENDMENT RIGHTS FOR USE OF<br>) UNREASONABLE FORCE UPON<br>) PERSON; VIOLATION OF FIRST<br>) AMENDMENT RIGHTS TO PROTEST<br>) GOVERNMENT ACTIONS AND TO<br>) PETITION GOVERNMENT FOR<br>) REDRESS OF GRIEVANCES and<br>) CALIFORNIA STATE LAW CLAIMS<br>) FOR BATTERY, ASSAULT,<br>) VIOLATION OF CAL. CIVIL CODE §<br>) 52.1, FALSE ARREST / FALSE<br>) IMPRISONMENT<br>) |

COMPLAINT FOR DAMAGES

1

Law Offices of Jerry L. Steering

)
) **JURY TRIAL DEMANDED**
)

**COMES NOW** plaintiff Bernardo VILLANUEVA and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of San Diego, State of California, and, therefore, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiff's California state law claims arise out of the same transactions and occurrences and out of a common nucleus of operative facts with plaintiff's federal questions claims, this court has jurisdiction over Plaintiff's California state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.     Plaintiff timely filed his claim for damages against the County of San Diego pursuant to the California "Government Claims Act, Cal. Gov't Code § 900 *et seq.* and said claim has been denied by said County.

COMPLAINT FOR DAMAGES

2

**Law Offices of Jerry L. Steering**

## GENERAL ALLEGATIONS

5.       Plaintiff Bernardo Villanueva, hereinafter referred to as "LUQUE-VILLANUEVA" or "plaintiff", is a natural person who, at all times complained of in this action, resided in the County of San Diego, in the State of California.

6.       Defendant James Steinmeyer, hereinafter referred to as "STEINMEYER," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Diego County Sheriff's Department (hereinafter "SDSD"). At all times complained of herein, STEINMEYER was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Diego.

7.       Defendant County of San Diego, hereinafter referred to as "COUNTY,"  is a municipal entity located in the state of California, within the territorial jurisdiction of this court.

8.       Defendants DOES 1 through 5, inclusive, are sworn peace officers, deputy sheriffs, investigators, supervisors, Agents of the California Department of Alcoholic Beverage Control, dispatchers and/or other public officers, officials or employees peace officers, public officers or other agents, officials and officers of defendant COUNTY and/or the San Diego County Sheriff's Department and/or some other police / law enforcement agency, who in some way committed, or caused to commit, some or all of the tortious actions / constitutional violations against the plaintiff complained of in this

COMPLAINT FOR DAMAGES

3

action, and are otherwise liable to the plaintiff LUQUE-VILLANUEVA for their actions complained of in this action, but whose identities are unknown to plaintiff at this time.

9.     Plaintiff is presently unaware of the identities of DOES 1 through 5, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiff.

10.     At all times complained of herein, DOES 1 through 5, inclusive, were acting as individual persons, under the color of state law, pursuant to their authority as sworn peace officers, deputy sheriffs, investigators, dispatchers and/or other public officers, officials or employees of defendant COUNTY and/or the San Diego County Sheriff's Department and/or some other Agency and/or public or private entity, and were acting in the course of and within the scope of their employment with defendant COUNTY and/or some other Agency and/or public or private entity.

11.     Defendants DOES 6 through 8, inclusive, are sworn peace officers, Commanders, Captains, Lieutenants, Sergeants, Assistant Sheriffs, the Undersheriff, the Sheriff and/or other supervisory personnel or policy makers with final policy making authority employed by the San Diego County Sheriff's Department and/or defendant COUNTY and/or some other Agency and/or public or private entity, who proximately caused, substantially contributed to, are responsible for, or are otherwise liable for the tortious and Constitutional violations, injuries and damages complained of by plaintiff LUQUE-VILLANUEVA in this action; via 1) supervisory liability (i.e. failure to

**Law Offices of Jerry L. Steering**

COMPLAINT FOR DAMAGES

4

properly supervise, improperly directing, approving/ ratifying actions of subordinates); 2) bystander liability (failing to intervene and stop unlawful actions of subordinates), and by their actions and/or omissions, created / caused to come into existence / caused to be maintained, unconstitutional policies, customs and practices that were the legal cause of the Constitutional violations complained by plaintiff, sufficient to subject defendant COUNTY and/or DOES 9 through 10, subjecting defendant COUNTY to liability to plaintiff via *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

12.     Defendant DOES 6 through 8, inclusive, created and/or implemented and/or applied and/or maintained, policies, customs and practices of: (1) unlawfully detaining and unlawfully arresting innocents, without reasonable suspicion of criminality afoot by them, or probable cause to arrest them; especially pursuant to "drunk in public sweeps"[1];

---

[1] Often pursuant to the "zero tolerance" policies customs and practices of the San Diego County Sheriff's Department to "sanitize" perceived undesirables / potentially undesirables from particular affluent areas of San Diego County, including and especially in the Encinitas area. That "zero tolerance" policy has been implemented by the Sheriff's Departments use of "drunk in public sweeps"; often along with Agents and Officers of the California Alcoholic Beverage Control Board. Persons whom Deputy Sheriffs speculate or opine appear to be "under the influence of alcohol" or otherwise "intoxicated" on public streets and/or sidewalks, are routinely accosted, detained and arrested *en masse*, pursuant to these "drunk in public sweeps"; notwithstanding that these detainees and arrestees have not committed a crime, and notwithstanding that those detainees and arrestees were unlawfully / unreasonably seized in the absence of any actual suspicion or belief by said deputy sheriffs and Agents from the Alcoholic Control Board, or criminal conduct by them. Deputies and Agents routinely unlawfully detain and unlawfully arrest innocents, who appear as undesirables for affluent white neighborhoods, for various reasons; especially youth and race. Moreover, pursuant to these "zero tolerance" "drunk in public sweeps', persons who are able to care for their own safety, and are not interfering with, obstructing, or preventing the free use of any

COMPLAINT FOR DAMAGES

5

**Law Offices of Jerry L. Steering**

(2) using excessive/ unreasonable force in seizing the aforementioned persons without reasonable suspicion that the aforementioned persons are armed or otherwise dangerous, threatening officer safety, or threatening the safety of others; (3) unlawfully searching the aforementioned persons without reasonable suspicion or probable cause to believe that said persons are armed and dangerous, threatening officer safety and/or the safety of others, or otherwise committing any crime; (4) unlawfully arresting the aforementioned persons without probable cause to believe said persons are committing any crime; (5) fabricating, destroying, concealing, and/or altering evidence, and maliciously prosecuting innocent persons in criminal actions in order to protect themselves and other agents of CITY from civil, administrative and criminal liability; (6) covering-up their unlawful and tortious conduct, conduct of San Diego County Sheriff's Department employees/personnel, and/or other agents of CITY; 7) failing to discipline Deputy Sheriffs and Supervisors who commit constitutional violations against innocents; 8) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; and 9) for

---

street, sidewalk, or other public way, and who are otherwise not in violation of Cal. Pen. Code § 647(f), or any other law, are nonetheless removed from affluent white areas like Encinitas by being subjected to unlawful arrests with regularity, at the behest and request of local organized interest groups who generally oppose a perceived culture of "vibrancy" in the City of Encinitas.

COMPLAINT FOR DAMAGES

6

Law Offices of Jerry L. Steering

interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 10) for covering-up unlawful and tortious conduct by the San Diego County Sheriff's Department personnel.

13. These actions and omissions are sufficient for COUNTY to be subjected to *Monell* liability[2].

14. Plaintiff is presently unaware of the identities of DOES 6 through 8, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

15. At all times complained of herein, DOES 6 through 8, inclusive, were acting as individual persons under the color of state law, pursuant to their authority as sworn peace officers, Agents, Commanders, Captains, Lieutenants, Sergeants, Assistant Sheriffs, the Undersheriff, the Sheriff and/or other Supervisory personnel and/or policy makers with final policy making authority for the San Diego County Sheriff's Department and/or Defendant COUNTY and/or some other public entity and/or private entity, and were acting in the course of and within the scope of their employment with Defendant COUNTY any such other public entity and/or private entity.

16. Moreover, at all times complained of herein, defendants DOES 1 through 8, inclusive, were acting pursuant to, or otherwise contributed to the creation, implementation, application, and maintenance of the policy(ies), custom(s), and /or

---

[2] Liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**Law Offices of Jerry L. Steering**

practice(s) of the San Diego County Sheriff's Department / COUNTY of San Diego, for, *inter alia*: (1) unlawfully detaining and unlawfully arresting innocents, without reasonable suspicion of criminality afoot by them, or probable cause to arrest them; especially pursuant to "drunk in public sweeps"[3]; (2) using excessive/ unreasonable force in seizing the aforementioned persons without reasonable suspicion that the aforementioned persons are armed or otherwise dangerous, threatening officer safety, or threatening the safety of others; (3) unlawfully searching the aforementioned persons without reasonable suspicion or probable cause to believe that said persons are armed and

---

[3] Often pursuant to the "zero tolerance" policies customs and practices of the San Diego County Sheriff's Department to "sanitize" perceived undesirables / potentially undesirables from particular affluent areas of San Diego County, including and especially in the Encinitas area. That "zero tolerance" policy has been implemented by the Sheriff's Departments use of "drunk in public sweeps"; often along with Agents and Officers of the California Alcoholic Beverage Control Board. Persons whom Deputy Sheriffs speculate or opine appear to be "under the influence of alcohol" or otherwise "intoxicated" on public streets and/or sidewalks, are routinely accosted, detained and arrested *en masse*, pursuant to these "drunk in public sweeps"; notwithstanding that these detainees and arrestees have not committed a crime, and notwithstanding that those detainees and arrestees were unlawfully / unreasonably seized in the absence of any actual suspicion or belief by said deputy sheriffs and Agents from the Alcoholic Control Board, or criminal conduct by them. Deputies and Agents routinely unlawfully detain and unlawfully arrest innocents, who appear as undesirables for affluent white neighborhoods, for various reasons; especially youth and race. Moreover, pursuant to these "zero tolerance" "drunk in public sweeps', persons who are able to care for their own safety, and are not interfering with, obstructing, or preventing the free use of any street, sidewalk, or other public way, and who are otherwise not in violation of Cal. Pen. Code § 647(f), or any other law, are nonetheless removed from affluent white areas like Encinitas by being subjected to unlawful arrests with regularity, at the behest and request of local organized interest groups who generally oppose a perceived culture of "vibrancy" in the City of Encinitas.

COMPLAINT FOR DAMAGES

8

dangerous, threatening officer safety and/or the safety of others, or otherwise committing any crime; (4) unlawfully arresting the aforementioned persons without probable cause to believe said persons are committing any crime; (5) fabricating, destroying, concealing, and/or altering evidence, and maliciously prosecuting innocent persons in criminal actions in order to protect themselves and other agents of CITY from civil, administrative and criminal liability; (6) covering-up their unlawful and tortious conduct, conduct of San Diego County Sheriff's Department employees/personnel, and/or other agents of CITY, and 7) failing to discipline Deputy Sheriffs and Supervisors who commit constitutional violations against innocents.

17. In addition to the above and foregoing, Defendants DOES 1 through 8, inclusive, acted pursuant to a conspiracy, i.e. an agreement, understanding, and common plan and/or scheme to deprive the plaintiff of his federal constitutional and statutory rights, and California constitutional and statutory state law rights, and acted in joint and concerted action to so deprive the plaintiff of those rights as complained of in this action.

18. Said conspiracy/ agreement/ understanding/ plan / scheme/ joint action/ concerted action, referenced above, substantially and proximately caused the violations of plaintiff's state and federal constitutional and statutory rights, as complained of herein.

19. DOES 9 and 10 are some public or private entity; the identity of whom are presently unknown to the plaintiff, who, therefore, sues said entities by the fictitious

COMPLAINT FOR DAMAGES

9

name "DOE". Plaintiff will amend this Complaint to add and to show the actual names of DOE defendants 9 and 10, when ascertained by plaintiff.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By Plaintiff Against all Defendants)

20.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as set forth in full herein.

21.     On January 23, 2016, plaintiff Bernardo Luque-Villanueva was out with friends at a bar in downtown Encinitas, California.

22.     Plaintiff consumed approximately two mixed drinks while inside the bar. Plaintiff did not consume any alcoholic beverages while on a public street or sidewalk.

23.     While inside the bar, and throughout the rest of the events described herein, plaintiff was not drunk, impaired or intoxicated, nor did he appear to be in such condition. Moreover, plaintiff was fully capable of caring for his own safety, posed no threat or problem to others, was not impeding any public walkway, and was not otherwise "drunk in public" in violation of Cal. Pen. Code § 647(f). Nor was Plaintiff yelling, making loud noises, confronting others, causing a public disturbance, or otherwise violating any law or ordinance pertaining to "disturbing the peace" or "disorderly conduct." Plaintiff was not violating any law or even any social norm.

COMPLAINT FOR DAMAGES

10

Law Offices of Jerry L. Steering

24.     While inside the bar, and throughout the rest of the events described herein, none of plaintiff's friends were unable to care for their own safety, were not impeding any public walkway, and were not otherwise "drunk in public" in violation of Cal. Pen. Code § 647(f). Nor were any of Plaintiff's friends yelling, making loud noises, confronting others, causing public disturbances, or otherwise violating any law or ordinance pertaining to "disturbing the peace" or "disorderly conduct."

25.     After leaving the bar at approximately 1:30 AM, plaintiff, then a 30 year old man of Hispanic descent, and several of his friends, walked across the street to a "7-Eleven" convenience store, located at 11 East D. Street, Encinitas, California.

26.     Inside the 7-Eleven store, plaintiff and his friends purchased some beer, which they intended to drink at a nearby private residence. Plaintiff and his friends planned to summon an "Uber," taxi, or similar third-party transportation service to drive them to this residence.

27.     After exiting the 7-Eleven store, plaintiff and his friends were approached by San Diego County Sheriff's Department Deputy Sheriff James Steinmeyer ("STEINMEYER") and DOES 1 through 5, inclusive. STEINMEYER and DOES 1 through 5, inclusive, approached plaintiff in an aggressive manner, and spoke to plaintiff in a very hostile and dictatorial tone.

28.     At that time, and in the moments prior, STEINMEYER and DOES 1 through 5, inclusive, had been accosting random pedestrians on the sidewalk, near bars in the

Law Offices of Jerry L. Steering

Law Offices of Jerry L. Steering

vicinity of downtown Encinitas, for no apparent reason, other than to enforce a "zero tolerance" ban on bar patrons being "drunk in public.[4]" As shown above, that "zero tolerance" ban on bar patrons being "drunk in public", was nothing more than a ruse to let the public at large know that "undesirable types" of civilians weren't welcome in Encinitas. The plaintiff is presently unaware of the scope of categories of these "undesirable types", but, for the purpose of this instant pleading, includes Hispanics / persons who appear to be of Hispanic descent.

29.     San Diego County Sheriff's Department ("SDSD") Deputies have been, and had been, conducting such "drunk in public sweeps," or substantially similar random street-level enforcement operations, with regular frequency at the behest and request of local organized interest groups who generally oppose a perceived culture of "vibrancy" in the City of Encinitas[5].

---

[4] Something that, in itself, is not unlawful.

[5] The "zero tolerance" policies customs and practices of the San Diego County Sheriff's Department was created to "sanitize" perceived "undesirables" / potentially "undesirables" from particular affluent areas of San Diego County, including and especially in the Encinitas area. That "zero tolerance" policy has been implemented by the Sheriff's Departments use of "drunk in public sweeps"; often along with Agents and Officers of the California Alcoholic Beverage Control Board. Persons whom Deputy Sheriffs speculate or opine appear to be "under the influence of alcohol" or otherwise "intoxicated" on public streets and/or sidewalks, are routinely accosted, detained and arrested *en masse*, pursuant to these "drunk in public sweeps"; notwithstanding that these detainees and arrestees have not committed a crime, and notwithstanding that those detainees and arrestees were unlawfully / unreasonably seized in the absence of any actual suspicion or belief by said deputy sheriffs and Agents from the Alcoholic Control Board, of criminal conduct by them. Deputies and Agents routinely unlawfully detain and unlawfully arrest innocents, who appear as undesirables for affluent white

COMPLAINT FOR DAMAGES

30.     At the time STEIMMEYER and DOES 1 through 7, inclusive, approached plaintiff, plaintiff was not acting in such a manner as to cause a reasonable police officer in STEINMEYER's and DOES 1 through 7, inclusive's position to reasonably suspect or otherwise believe that plaintiff was unable to care for his own safety, or the safety of others, or, that plaintiff was violating any law.

31.     At the time STEIMMEYER and DOES 1 through 7, inclusive, approached plaintiff, plaintiff was not acting in such a manner as to cause a reasonable police officer in STEINMEYER's and DOES 1 through 5, inclusive's position to reasonably suspect or to otherwise believe that plaintiff was interfering with, obstructing, or preventing the free use of any street, sidewalk, or other public way.

32.     At the time STEIMMEYER and DOES 1 through 7, inclusive, approached plaintiff, approached plaintiff, plaintiff was otherwise not in violation of Cal. Pen. Code § 647(f), or any other law or ordinance.

33.     Immediately, upon approaching plaintiff, STEINMEYER and DOES 1 through 7, inclusive, pulled out a/their taser device(s) and pointed it/them at plaintiff.

---

neighborhoods, for various reasons; especially youth and race; especially Hispanics. Moreover, pursuant to these "zero tolerance" "drunk in public sweeps', persons who are able to care for their own safety, and are not interfering with, obstructing, or preventing the free use of any street, sidewalk, or other public way, and who are otherwise not in violation of Cal. Pen. Code § 647(f), or any other law, are nonetheless removed from affluent white areas like Encinitas by being subjected to unlawful arrests with regularity, at the behest and request of local organized interest groups who generally oppose a perceived culture of "vibrancy" in the City of Encinitas.

COMPLAINT FOR DAMAGES

13

Law Offices of Jerry L. Steering

34.     Plaintiff's friend, Eduardo Sandoval, was standing nearby and began recording the incident at this time using a video recorder on his cellular telephone.

35.     STEINMEYER and DOES 1 through 7, inclusive, told plaintiff to turn around, to put his hands above his head and/or to put his hands behind his back.

36.     Plaintiff asked STEINMEYER and DOES 1 through 7, inclusive, why he was being stopped, as plaintiff was not in violation of any law and had done nothing wrong.

37.     Without warning, STEINMEYER and DOES 1 through 7, inclusive, took out his/their pepper spray from his/their Sam Browne Belt(s) and sprayed plaintiff in his face with pepper spray. In the process of pepper spraying plaintiff, STEINMEYER also sprayed some of Plaintiff's friends and surrounding citizen bystanders.

38.     When Deputy STEINMEYER sprayed Plaintiff with pepper spray, Plaintiff and DOES 1 through 7, inclusive, had merely asked STEINMEYER and DOES 1 through 3, inclusive, why he was being stopped. Plaintiff was not threatening STEINMEYER and DOES 1 through 7, inclusive, acting in a threatening manner, and otherwise not acting a manner that would justify a reasonable officer in using pepper spray on a civilian.

39.     Plaintiff, despite being sprayed in the face with pepper spray, maintained calm composure and complied with STEINMEYER's and DOES 1 through 7, inclusive's commands to turn around.

COMPLAINT FOR DAMAGES

14

Law Offices of Jerry L. Steering

40.     STEINMEYER and DOES 1 through 7, inclusive trained his/their taser device on plaintiff's person and shouted for plaintiff to put his hands behind his back and behind his head; contemporaneously.

41.     Even though Plaintiff had clearly submitted to STEINMEYER's and DOES 1 through 7, inclusive's show of authority, STEINMEYER and DOES 1 through 7, inclusive, continued to escalate and aggravate the situation by shouting louder and acting more aggressively. STEINMEYER and DOES 1 through 7, inclusive, even began pointing his/their taser gun(s) in the direction of plaintiff's friends.

42.     None of plaintiff's friends made any threatening movements toward STEINMEYER. In fact, Plaintiff's friends were encouraging Plaintiff, from a distance, to follow STEINMEYER's and DOES 1 through 7, inclusive's commands, and all that plaintiff was doing was asking STEINMEYER and DOES 1 through 7, inclusive what was going on, protesting STEINMEYER's and DOES 1 through 7, inclusive's order to him to put his hands up / behind him; all while being threatened and menaced with a taser device.

43.     Other Deputy Sheriff's arrived in a patrol vehicle (DOES 4 through 7, inclusive). DOES 4 and 7, inclusive, pointed their taser guns at plaintiff. DOES 4 through 7, inclusive, also shouted commands at plaintiff.

44.     Plaintiff stayed stationary and otherwise attempted to comply with the deputies' commands, although several deputies were talking at the same time and were

COMPLAINT FOR DAMAGES
15

Law Offices of Jerry L. Steering

giving plaintiff orders that conflicted with the orders being simultaneously given to plaintiff by other deputies.

45.    STEINMEYER and DOES 1 through 7, inclusive, approached plaintiff to place plaintiff in handcuffs. Plaintiff stayed stationary as STEINMEYER and said DOE deputies grabbed both of plaintiff's wrists and pulled them behind plaintiff's back.

46.    When STEINMEYER and said DOE deputies grabbed plaintiff's wrists, he forced the plaintiff to lose his balance, which STEINMEYER and DOES 1 through 7, inclusive, then (apparently) used as a pretext for literally strangling plaintiff and attempting to choke him into unconsciousness[6].

47.    STEINMEYER and said DOE deputies then violently tackled plaintiff to the ground and maintained a chokehold on plaintiff's neck. STEINMEYER took a position on top on plaintiff, who was lying in a prone position on the ground and was not resisting STEINMEYER and said DOE deputies.

48.    STEINMEYER and said DOE deputies was/were recently involved in a substantially similar incident where he/they attempted to apply a similar chokehold on a teenager he believed to be smoking a cigarette. In the incident complained of in this action, STEINMEYER and said DOE deputies was/were practicing his/their carotid restraint hold on the plaintiff; a technique that STEINMEYER and said DOE deputies

---

[6] It doesn't appear from the video recording of the incident complained of that there was any justification for any of the actions taken against the plaintiff; especially the strangling.

COMPLAINT FOR DAMAGES

16

was/were was not very good at, and a technique that he failed to use properly on plaintiff; properly in the sense of being able to quickly render another unconscious without injuring them.

49.   Plaintiff  was not resisting STEINMEYER and said DOE deputies or otherwise making any furtive, provocative, violent or threatening movements, speech or gestures to warrant STEINMEYER's and said DOE deputies' tackling and choking of plaintiff.

50.   As STEINMEYER and DOES 1 through 7, inclusive, handcuffed plaintiff, deputies DOES 2 through 5, inclusive, turned and pointed his/their taser gun(s) at the crowd.

51.   The same deputy(ies) turned his focus to Mr. Sandoval, tackling him to the ground, and attempting to take his cellular telephone.

52.   DOES 6 through 7, inclusive, arrived soon thereafter and assisted Deputy STEINMEYER and said DOE deputies on-scene continue their assault and battery of Mr. Sandoval.

53.   During and throughout the events described above, none of the Deputies described in this action, including Deputy STEINMEYER or DOES 1 through 8, inclusive, had either a warrant for plaintiff's arrest, or probable cause to believe that plaintiff had committed a crime, or reasonable suspicion to believe that plaintiff had

COMPLAINT FOR DAMAGES

17

**Law Offices of Jerry L. Steering**

committed any crime, was committing a crime, or was about to commit a crime, or, that plaintiff was a danger to anyone or anything.

54. The actions of STEINMEYER and DOES 1 through 5, inclusive the other Deputies who participated in the incident (DOES 6 through 7, inclusive), as complained of herein, constituted a violation of plaintiff's right under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure of his person.

55. Moreover, DOES 6 through 8, by creating, implementing, applying, and maintaining the policy, custom, and/or practice, which STEINMEYER and DOES 1 through 5 enforced, of conducting pretextual "drunk in public sweeps" or otherwise enforcing pretextual "zero tolerance" bans on public intoxication for bar patrons in downtown Encinitas; without regard to whether those patrons were in violation of Cal. Pen. Code § 647(f) or other laws, proximately caused said above-described unlawful and unreasonable seizure of the plaintiff.

56. STEINMEYER and DOES 1 through 7, inclusive, then proceeded to arrest the plaintiff and to take him to jail, where he was kept imprisoned until he was released that next day on a citation to appear in court for violation of Cal. Penal Code § 148(a)(1).

57. As shown below, plaintiff was beaten at the San Diego County Sheriff's Department Jail by STEINMEYER and DOES 1 through 5, inclusive.

58. As a direct and proximate result of the actions of said defendants, and each of them, as complained of herein, plaintiff: (1) was substantially physically, mentally and

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

emotionally injured; (2) incurred medical and psychological costs, bills and expenses, bail costs, attorney's fees, bills and expenses and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

59.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and with reckless disregard for plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive / Unreasonable Use of Force on Person**
**(By Plaintiff Against all Defendants)**

60.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as set forth in full herein.

61.     During and throughout the events described above, plaintiff never assaulted, battered, threatened, resisted or evaded STEINMEYER or any other SDSD DOE deputies present at the scene (DOES 1 through 6, inclusive), or anyone else.

62.     Moreover, the aforementioned SDSD Deputies had neither probable cause nor reasonable suspicion to believe that plaintiff had committed a crime, was committing

COMPLAINT FOR DAMAGES
19

a crime or was about to commit a crime, or had any objective indication that plaintiff was armed or dangerous, or in any way a threat to them or others.

63.     Even though the aforementioned SDSD Deputies had no objective sufficiently legal basis for seizing plaintiff, and even though plaintiff was cooperative with STEINMEYER and the other SDSD DOE deputies, even though plaintiff followed their commands at all times, STEINMEYER, and DOES 1 through 7, inclusive, used unreasonable force upon the plaintiff and/or failed to intervene and stop STEINMEYER and the other SDSD DOE deputies from using unreasonable force upon the plaintiff; even though they had notice of the obvious use of unreasonable force upon the plaintiff, had the opportunity to intervene and to stop the continued use of unreasonable force upon the plaintiff, and failed to so intervene.

64.     STEINMEYER and DOES 1 through 6, inclusive, handcuffed plaintiff and took him to the San Diego County Sheriff's Department station / jail facility. While putting plaintiff inside of a cell, STEINMEYER and DOES 1 through 6, inclusive, slammed plaintiff's face against the wall of the cell several times.

65.     As a result of STEINMEYER's and DOES 1 through 6, inclusive's slamming of plaintiff against the wall of a jail cell, plaintiff sustained injuries to his face and nose which caused him great pain and required professional medical attention.

66.     Accordingly, STEINMEYER's and DOES 1 through 6, inclusive's spraying of pepper spray in plaintiff 's face, tackling of plaintiff, choking of plaintiff, and

COMPLAINT FOR DAMAGES

20

slamming of plaintiff's face against the ground outside and the wall of the jail constituted the use of unreasonable / excessive force upon the plaintiff, in violation of plaintiff's Fourth Amendment right to be free from the use of unreasonable force upon his person.

67. To the extent that other SDSD Deputies (i.e. DOES 1 through 6, inclusive) participated in the aforementioned excessive uses of force against plaintiff, those deputies also violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

68. Further, to the extent that other on-scene SDSD Deputies (*i.e.* DOES 1 through 7, inclusive) were aware of that STEINMEYER's and the other DOE defendant deputies' use of force upon the plaintiff was unlawful, unreasonable and excessive, had notice of and the opportunity to intervene to stop the use of unreasonable force upon the plaintiff, and failed to do so, DOES 1 through 6, inclusive, are also liable to the plaintiff for the use of unreasonable force upon plaintiff, as well as plaintiff's false arrest; all in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

69. As a direct and proximate result of the actions of STEINMEYER and DOES 1 through 8, inclusive, and each of them, as complained of herein, Plaintiff VILLANUEVA (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses and (3) spent substantial time in jail and (4) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

///

COMPLAINT FOR DAMAGES
21

**Law Offices of Jerry L. Steering**

Law Offices of Jerry L. Steering

///

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Rights –**
**Freedom of Speech / Right To Petition Government For Redress Of Grievances**
**(By Plaintiff Against All Defendants)**

70.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as set forth in full herein.

71.     As shown above, during and prior to the incident complained of in this action, plaintiff knew of, criticized, and verbally protested the unlawful actions of STEINMEYER and DOES 1 through 7, inclusive, including their seizing of plaintiff without probable cause / reasonable suspicion, their searching of the plaintiff, their use of excessive/ unreasonable force upon plaintiff's person, and plaintiff's arrest and incarceration.

72.     Moreover, following STEINMEYER's and DOES 1 through 7, inclusive's, unlawful seizure and use of excessive / unreasonable force upon plaintiff, STEINMEYER and DOES 1 through 7, inclusive, authored a false and misleading police report and submitted it to the San Diego County District Attorney's Office for the purpose of procuring a criminal prosecution of the plaintiff, in retaliation for his protected speech,

and in an effort to collaterally estop and/or otherwise preclude[7] him from being able to successfully sue them for violating his Constitutional rights.

73. Moreover, a substantial motivating factor in said SDSD Deputies' decision(s) to use unreasonable force upon and unlawfully seize plaintiff, was to chill/discourage Plaintiff VILLANUEVA's exercise of his rights under the First Amendment to the United States Constitution to verbally complain of, verbally protest, and verbally challenge the Deputies' actions, and to preclude Plaintiff from successfully suing them in court.

74. As a direct and proximate result of the actions of Deputy STEINMEYER and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff VILLANUEVA (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses and (3) spent substantial time in jail and (4) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

75. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and with reckless disregard for plaintiff's constitutional rights, sufficient for an award of punitive/ exemplary damages against all

---

[7] Via *Heck v. Humphrey*, 512 U.S. 477 (1994) and via *Yount v. County of Sacramento*, 43 Cal. 4th 885 (2008).

COMPLAINT FOR DAMAGES

23

Law Offices of Jerry L. Steering

defendants and each of them, save defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CAL. GOV. CODE § 52.1
**Under California State Law**
**(By Plaintiff Against All Defendants)**

76.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as set forth in full herein.

77.    The actions of Deputy STEINMEYER and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1; to wit, the unreasonable seizure and use of excessive/unreasonable force upon plaintiff in response to and in retaliation for plaintiff's exercise of his First Amendment rights to freedom of speech / right to petition government for redress of grievances.

78.    Defendants COUNTY and deputies STEINMEYER and DOES 1 through 10, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

COMPLAINT FOR DAMAGES

24

**Law Offices of Jerry L. Steering**

**Law Offices of Jerry L. Steering**

79.    As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff: (1) was substantially physically, mentally and emotionally injured; (2) incurred medical, legal (i.e. attorney's fees) and psychological costs, bills and expenses; and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

80.    The actions of defendant deputies STEINMEYER and DOES 1 through 7, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive/ exemplary damages against all defendants, save for defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

81.    In addition, because the actions of defendant deputies STEINMEYER and DOES 1 through 7, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, plaintiff is entitled to an award of treble compensatory damages against all defendants.

### FIFTH CAUSE OF ACTION
### FALSE ARREST / FALSE IMPRISONMENT
**Under California State Law**
**(By Plaintiff Against All Defendants)**

82.    Plaintiff hereby realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 81, inclusive, above, as set forth in full herein.

83.    As set forth above, STEINMEYER and DOES 1 through 7, inclusive, had neither reasonable suspicion of criminality afoot about plaintiff nor probable cause to

COMPLAINT FOR DAMAGES

believe that plaintiff committed a crime.

84. Also as complained of above, defendants STEINMEYER and DOES 1 through 7, inclusive, physically restrained the movements plaintiff by physically commanding him to turn around and to put his hands behind his back (to be at least searched), by spraying him in the face with pepper spray, by grabbing him, by tackling him, by choking him, by handcuffing him, and transporting him to jail.

85. Accordingly, the seizure of plaintiff by defendants STEINMEYER and DOES 1 through 7, inclusive, constituted a false arrest / false imprisonment of plaintiff under California state law.

86. Defendants COUNTY, STEINMEYER, and DOES 1 through 7, inclusive, are liable to plaintiff for their false arrest / false imprisonment of plaintiff pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8 and otherwise pursuant to the common law.

87. As a direct and proximate result of the actions of defendants STEINMEYER and DOES 1 through 7, inclusive, plaintiff: (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

88. The actions by defendants STEINMEYER and DOES 1 through 7, inclusive, were committed maliciously, oppressively, and with reckless disregard for plaintiff's

COMPLAINT FOR DAMAGES

26

rights, sufficient for an award of punitive/ exemplary damages against all Defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

### SIXTH CAUSE OF ACTION
### ASSAULT
**Under California State Law**
**(By Plaintiff Against All Defendants)**

89.    Plaintiff hereby realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 88, inclusive, above, as set forth in full herein.

90.    The above actions committed by defendants STEINMEYER and DOES 1 through 7, inclusive, unlawfully placed plaintiff in reasonable fear of sustaining imminent violent injury.

91.    Defendants COUNTY, STEINMEYER and DOES 1 through 7, inclusive, and each of them, are liable to plaintiff under California state law for said assault of plaintiff pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

92.     As a direct and proximate result of the actions of defendants STEINMEYER and DOES 1 through 7, inclusive, plaintiff: (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

93.     The actions by STEINMEYER and DOES 1 through 7, inclusive, were

COMPLAINT FOR DAMAGES

27

Law Offices of Jerry L. Steering

committed maliciously, oppressively, and with reckless disregard for plaintiff rights, sufficient for an award of punitive / exemplary damages against all Defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

**SEVENTH CAUSE OF ACTION**
**BATTERY**
**Under California State Law**
**(By Plaintiff Against All Defendants)**

94.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, inclusive, above, as set forth in full herein.

95.     As complained of above, defendants STEINMEYER and DOES 1 through 7, inclusive, physically seized plaintiff, spraying him in the face with pepper spray, grabbing him, tackling him, strangling him, handcuffing him, transporting him to jail, and slamming his head / face against a wall.

96.     The actions committed by defendants STEINMEYER and DOES 1 through 7, inclusive, constituted an unjustified non-consensual use of unlawful force and violence upon plaintiff, and constituted a battery of plaintiff under California state law.

97.     Defendants COUNTY, STEINMEYER and DOES 1 through 7, inclusive, and each of them, are liable to plaintiff for the battery committed upon him pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

Law Offices of Jerry L. Steering

98.    As a direct and proximate result of the actions of defendants STEINMEYER and DOES 1 through 7, inclusive, plaintiff: (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

99.    The actions by defendants STEINMEYER and DOES 1 through 6 were committed maliciously, oppressively, and with reckless disregard for Plaintiff's rights, sufficient for an award of punitive/ exemplary damages against all defendants and each of them, save COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Under California State Law
### (By Plaintiff Against All Defendants)

100.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as set forth in full herein.

101.    Defendants STEINMEYER and DOES 1 through 7, inclusive, knew and/or should have known that plaintiff was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff by defendants, as complained of above and herein.

102.    Moreover, the conduct of said defendants STEINMEYER and DOES 1 through 7, inclusive, was outrageous and not the type of conduct condoned in a civilized society.

COMPLAINT FOR DAMAGES

29

**Law Offices of Jerry L. Steering**

103.   As a direct and proximate result of the actions of defendants STEINMEYER and DOES 1 through 7, inclusive, plaintiff: (1) was substantially physically, mentally and emotionally injured; (2) incurred medical and psychological costs, bills and expenses; and (3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

104.   The actions by defendants STEINMEYER and DOES 1 through 7, inclusive, were committed maliciously, oppressively, and with reckless disregard for plaintiff's rights, sufficient for an award of punitive/ exemplary damages against all defendants and each of them, save COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

30

**WHEREFORE**, plaintiff prays for judgment as follows:

    a) For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00; trebled to $15,000,000.00[8];

    b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $5,000,000.00;

    c) For an award of reasonable attorney's fees and costs of suit;

    d) For a trial by jury; and

    e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING

---

[8] Pursuant to plaintiff's Cal. Civil Code § 52.1 claim.

COMPLAINT FOR DAMAGES
31