# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO LUQUE-VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, JAMES STEINMEYER, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 16cv2945-GPC(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[Dkt. No. 13.]** |

On June 5, 2017, Plaintiff Bernardo Luque-Villanueva ("Plaintiff") filed this motion for leave to amend his complaint to name five additional defendants and join one additional plaintiff. (Dkt. No. 13-1 at 6–7.) Defendant County of San Diego ("Defendant") then filed a non-opposition to this motion on July 5, 2017. (Dkt. No. 17.) For the following reasons, the Court GRANTS Plaintiff's motion for leave to amend.

### Background

As alleged in the complaint, on January 23, 2016, Plaintiff was in downtown Encinitas at a bar with his friends. (Dkt. No. 1, Compl. ¶ 21.) Plaintiff consumed only two mixed drinks and was not consuming any alcohol while on public streets. (Id. ¶ 22.) He was not drunk, impaired, or intoxicated, nor did he appear to be so, for any of the following events. (Id. ¶ 23.)

After leaving the bar around 1:30 AM, Plaintiff and his friends went to a 7-Eleven store to purchase some beer, which they planned to drink at one of their residences after getting a taxi or Uber ride home. (Id. ¶¶ 25–26.) Upon exiting the 7-Eleven, Plaintiff and his friends were immediately confronted by San Diego County Deputy Sheriff James Steinmeyer and Does 1 through 5, who were also peace officers. (Id. ¶¶ 8, 27.) Plaintiff asserts that these officers were out enforcing a zero tolerance ban on bar patrons being drunk in public, but that this was really just a means of letting certain "undesirable types" of civilians know that they are not welcome in Encinitas. (Id. ¶¶ 28–29.)

Upon approaching Plaintiff, the officers immediately pointed their taser devices at him and told him to put his hands above his head or behind his back. (Id. ¶¶ 33, 35.) Because he had not violated any laws or done anything wrong, Plaintiff asked why he was being stopped. (Id. ¶ 36.) Steinmeyer, and possibly some Doe defendants as well, then pulled out their pepper spray and sprayed Plaintiff without warning. (Id. ¶ 37.) The officers aggressively yelled louder at Plaintiff to both put his hands behind his head and put his hands behind his back. (Id. ¶¶ 40–41.) The officers then approached Plaintiff and pulled his hands behind his back. (Id. ¶ 45.) At this point, Plaintiff lost his balance, and the officers strangled him, attempting to choke him into unconsciousness. (Id. ¶ 46.) The officers maintained this choke hold as they tackled Plaintiff to the ground and into a prone position, with Steinmeyer remaining on top of him. (Id. ¶ 47.)

Plaintiff's friend Eduardo Sandoval was taking a video of this on his phone, so one or more officers tackled him and attempted to take the phone. (Id. ¶ 51.) Plaintiff was then arrested and taken to the San Diego County Sheriff's Department station, where the officers slammed his face against a cell wall several times while putting him inside the cell. (Id. ¶ 64.) As a result, he sustained injuries to his face and nose that required medical attention. (Id. ¶ 65.)

Plaintiff is bringing causes of action pursuant to 42 U.S.C. § 1983 for

(1) unreasonable seizure under the Fourth Amendment; (2) unreasonable force under the Fourth Amendment; and (3) violation of free speech rights and the right to petition the government under the First Amendment. (Id. ¶¶ 10–22.) He also alleges state law causes of action for (4) violation of California Civil Code section 52.1; (5) false arrest and false imprisonment; (6) assault; (7) battery; and (8) intentional infliction of emotional distress. (Id. ¶¶ 24–29.)

**Legal Standard**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. See Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Plaintiff seeks to name Deputies Christopher Campbell, John Heckman, Rebecca Dorman, Jennifer Schaumberg, and Benjamin Macbeth as additional defendants on all causes of action. (Dkt. No. 13-1 at 6–7.) Plaintiff also seeks to add Eduardo Sandoval as an additional plaintiff on the first, second, and third causes of action. (Id.)

**Discussion**

Plaintiff argues that, when the complaint was filed, he was not aware of the identities of all Deputies involved in the incident and clearly stated his intent to name these Deputies as defendants once information about them became available. (Dkt. No. 13-1 at 2; Dkt. No. 1, Compl. ¶¶ 9, 14.) Furthermore, Plaintiff argues that he learned of the specific constitutional violations against Eduardo Sandoval after reviewing discovery. (Dkt. No. 13-1 at 5.) Defendants did not file an opposition demonstrating that leave to amend should be denied. (Dkt. No. 17.)

In this case, once Plaintiff learned of the identities of the Deputies and Sandoval's involvement with the case, Plaintiff timely filed this motion for leave to amend the complaint.[1] Thus, there was no undue delay in seeking leave to amend. See AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) ("[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'"). No prejudice has been shown because this case is still early in litigation and no new theory is being asserted through the amendment. See United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016) (allowing leave to amend because case was still early in litigation, amendment was not asserting a new legal theory, and amendment was first attempt to cure). There has been no indication of a bad faith motive or any futility in seeking this amendment. Furthermore, this is Plaintiff's first attempt to amend his complaint. After consideration of the Foman factors, the Court GRANTS Plaintiff's motion for leave to amend.

---

[1] The parties filed a joint motion to modify the scheduling order, agreeing to extend the deadline to amend the complaint from May 15, 2017 to June 5, 2017, which is when this motion was filed. (Dkt. No. 11 at 2.)

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a first amended complaint. Plaintiff shall file an amended complaint within three (3) days of the filing of this order. The hearing date set for July 28, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: July 12, 2017

HON. GONZALO P. CURIEL
United States District Judge