UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO LUQUE-VILLANUEVA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>    Defendants. | Case No.: 16cv2945-GPC (NLS)<br><br>**ORDER :**<br><br>**(1) GRANTING EX PARTE MOTION FOR PLAINTIFF TO SIT FOR MENTAL EXAMINATION; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 37]** |

Before the Court is Defendants' *ex parte* motion for an order (1) requiring Plaintiff Bernardo Luque-Villanueva to submit for a mental examination by their retained expert witness and (2) amending the scheduling order. ECF No. 37. The Court ordered Plaintiff to respond to the motion, and Plaintiff filed an affidavit in opposition. ECF Nos. 38, 39. Defendants requested an opportunity to respond, which the Court granted, and filed a reply. ECF No. 40. For the reasons set forth below, the Court (1) **GRANTS** the motion

1

for Plaintiff to sit for a mental examination; and (2) **GRANTS IN PART AND DENIES IN PART** the motion to amend the scheduling order.

## I. MOTION FOR MENTAL EXAMINATION

### a. Background

This case arises from an altercation between Plaintiffs and Defendant San Diego County Deputy Sheriff James Steinmeyer that took place January 23, 2016. ECF No. 19 ¶¶ 26. Plaintiffs allege that they exited a bar early that morning, went into a 7-Eleven store with their friends, and when they exited the store, Defendant Steinmeyer and other officers approached them and pointed a taser at them, ordering them to put their hands behind their backs. *Id.* ¶¶ 31-40. Plaintiffs allege that they were not drunk or acting disorderly at the time. *Id.* ¶ 43. Plaintiffs allege that Defendants then sprayed them with pepper-spray, and officers physically forced Plaintiff Luque-Villaneuva to pull his hands behind his back and strangled and choked him as he was tackled and held on the ground. *Id.* ¶¶ 55-56.

Defendants request that Plaintiff Luque-Villanueva be ordered to sit for a mental examination. On March 30, 2018, the date on which the parties exchanged initial expert witness disclosures, Plaintiff designated a clinical and forensic psychologist, Dr. Nina Rodd, as a retained expert witness and submitted her expert report. ECF No. 37 at 1; *see also* ECF No. 39, Ex. A. Dr. Rodd was referred in order to evaluate whether Plaintiff "suffer[s] from any psychological disorder" as a result of the alleged wrongful arrest and physical violence against him, and if so, what the effects were on his psychological, social, and occupational functioning. ECF No. 39, Ex. A at 1. In order to complete this evaluation, Dr. Rodd performed a clinical interview, mental status examination, and various psychological tests on Plaintiff (including the MMPI-2, Trauma Symptoms Inventory, Personal Assessment Inventory, and Beck Depression Inventory), all of which took 6.25 hours. *Id.* at 11.

//

**b. Legal Standards**

Federal Rule of Civil Procedure 35 governs mental examinations and authorizes the court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order may be made "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

A Rule 35 examination requires a showing that the party's mental or physical condition is "in controversy" and that there is "good cause" supporting the order. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). More than a showing of "mere relevance" is required to meet this standard. *Id.* at 118. A claim of emotional distress can place a person's mental state "in controversy" if accompanied with one or more of the following: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is 'in controversy.'" *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). The following factors are considered in determining if there is "good cause" to permit the examination: "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant, and; (4) whether plaintiff claims ongoing emotional distress." *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV1103892DOCSSX, 2013 WL 12122580, at *4 (C.D. Cal. Jan. 24, 2013).

**c. Discussion**

Here, the Court finds that ordering Plaintiff to submit for a mental examination is appropriate. Plaintiff has put his mental state "in controversy" since he maintains a cause of action for intentional infliction of emotional distress (*see* ECF No. 19 at 40-41), and

has submitted supporting expert testimony. Factors that establish "good cause" to order the examination include the submission of the expert report as evidence of Plaintiff's claim and because the expert report also states that Plaintiff claims ongoing mental distress symptoms. In addition, because the expert report was based on a mental examination of Plaintiff, Defendants should have a fair opportunity to have their expert perform a similar examination in order to rebut the expert testimony.

Plaintiff argues that the examination should not be allowed because it is degrading and invasive and Defendants' request is untimely because Dr. Rodd's report was disclosed to Defendants earlier on during discovery.[1] ECF No. 39 at 4-5. As to the invasive nature of the exam, this is likely true for any mental examination to some degree and Plaintiff puts forth no reason why this is exacerbated in his case or why it should prevent the examination when there is good cause otherwise. As to timeliness, as Defendants point out, Dr. Rodd was only formally designated as an expert on March 30. Moreover, in light of the posture of the claims at issue and the Court's preference for deciding cases on the merits, the Court finds it appropriate to permit the exam.

### d. Scope of Examination

Defendants propose to have their rebuttal expert, Dr. Dominick Addario, a board certified psychiatrist, evaluate Plaintiff Luque-Villaneuva at Dr. Addario's office, located at 3010 First Avenue, San Diego, CA 92103. ECF No. 37 at 2-3. Dr. Addario intends to conduct a face-to-face clinical interview with Plaintiff, during which background information/history will be collected and a mental status examination will be conducted. *Id.* at 3. He also plans to conduct psychological testing, which may include (1) the MMPI-2 and the Millon Clinical Multiaxial Inventory-III, which assess depression, personality features, symptoms and thought processes, and (2) self-assessment tests

---

[1] Plaintiff spent three pages of his five-page opposition filing complaining of discovery conduct that was wholly unrelated to the issues in Defendants' *ex parte* motion. *See* ECF No. 39 at 2-4. The Court admonishes that the filing was not the appropriate forum to air any such grievances and does not take into consideration any of the unrelated content filed therein.

depending on symptomology, such as the Beck Depression Inventory Test and the Beck Anxiety Inventory Test. *Id.* Dr. Addario's expert report will be offered to address/rebut the opinions of Dr. Rodd and will be shared promptly with Plaintiffs once completed. *Id.* Dr. Addario estimates that the time to complete the examination will be four to six hours. *Id.*

The Court finds this scope of the examination to be appropriate for the rebuttal expert report. Accordingly, the Court **GRANTS** the motion and **ORDERS** as follows:

(1) Plaintiff Bernardo Luque-Villanueva is ordered to undergo a mental evaluation with Defendants' board certified psychiatrist, Dr. Dominick Addario, to be conducted on <u>**June 5, 2018**</u> at <u>**12:00 p.m.**</u> at 3010 First Ave., San Diego, CA 92103.

(2) The examination will be conducted for the purpose of determining the nature and extent of plaintiff's severe emotional distress as alleged in the first amended complaint in this action. The examination shall last no more than six hours, encompassing both the clinical interview and psychological testing components.

## II. MOTION TO AMEND SCHEDULE

Defendants request an extension to all case schedule dates in order to (1) accommodate the mental examination, and (2) in light of Defendants' counsel's upcoming maternity leave. ECF No. 37 at 5-6. While the Court will grant a brief extension on dates that will necessarily be affected by the discovery ordered above, the Court declines to grant the full extension requested on other dates at this time. Accordingly, the dates that will be modified are as follows:

| CASE LITIGATION EVENT | PRESENTLY SCHEDULED DATES | NEW ENLARGED DATES |
|---|---|---|
| Deadline for Dr. Addario's Report | | June 12, 2018 |
| Expert Witness Discovery Deadline (for all but Dr. Addario) | May 7, 2018 | May 21, 2018 |

5

16cv2945-GPC (NLS)

| Expert Witness Discovery Deadline for Dr. Addario (if any) | | June 26, 2018 |
|---|---|---|
| All Pre-Trial Motions filing deadline | May 11, 2018 | May 25, 2018 |
| Mandatory Settlement Conference | May 16, 2018 at 2:30 p.m. | June 11, 2018 at 2:30 p.m. |
| Pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) | June 15, 2018 | June 29, 2018 |
| Local Rule 16.1(f)(4) requirements and meeting | June 22, 2018 | July 6, 2018 |
| Pretrial order and meeting pursuant to Civil Local Rule 16.1(f). | June 29, 2018 | July 13, 2018 |
| Proposed Final Pretrial Conference Order | July 6, 2018 | July 20, 2018 |
| Final Pretrial Conference | July 13, 2018 at 1:30 p.m. | July 27, 2018 at 1:30 p.m. |

All other dates will remain as previously set.

**IT IS SO ORDERED.**

Dated: May 10, 2018

Hon. Nita L. Stormes
United States Magistrate Judge